**Jose M. ELCHEDIAK,**
**Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–5415.**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 15, 1985.

Adolfo J. Vila, Miami, Fla., for plaintiff-appellant.

Marie T. Ransley, Asst. Regional Atty., Dept. of Health & Human Services, Atlanta, Ga., for defendant-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

Plaintiff Jose Elchediak appeals the district court's granting of the Secretary's motion to dismiss for lack of jurisdiction under 42 U.S.C. 405(g). Since we find that plaintiff's contention that his mental illness precluded him from litigating his claim for disability benefits because it prevented him from proceeding in a timely fashion from one administrative level to the next raises a colorable constitutional claim, we reverse

and remand for further findings at the administrative hearing level.

On October 11, 1978, without assistance of counsel, Mr. Elchediak's mother filed an application for child's insurance benefits, 42 U.S.C. § 402(d), on his behalf asserting that he was disabled and had been unable to work since March 1975 due to his paranoid schizophrenia.[1] The Social Security Administration (Administration) denied the application on December 28, 1978. This decision became final when neither Mr. Elchediak nor his mother pursued the application any further. Mr. Elchediak later filed a second application for disability benefits based on his own earnings record.[2] Again, he asserted that he had been disabled and unable to work since March 1975 due to his paranoid schizophrenia. The Administration denied this second application finding that Mr. Elchediak's alleged disability was not severe enough to entitle him to benefits. Mr. Elchediak again failed to pursue his application any further.

On July 24, 1981, Mr. Elchediak filed a third application for disability benefits, again alleging that he had been disabled since March 1975 due to his paranoid schizophrenia.[3] Once again the Administration denied his application finding that Mr. Elchediak's condition had already been found not disabling as of December 31, 1975, which was the last day he met the earnings requirement. The notice of denial also informed him that his application did not entitle him to any other type of benefits. This decision was affirmed on reconsideration. With the assistance of counsel, Mr. Elchediak requested a hearing before an administrative law judge (ALJ). At that hearing, claimant's counsel requested that his original application be reopened. After considering all the available evidence, the ALJ found that Mr. Elchediak had failed to present any new and material evidence which would require reopening his original application and thus concluded that Mr. Elchediak's current application was barred by the doctrine of *res judicata* as set out in 20 C.F.R. 404.957(c)(1).

When the appeals council declined to review the ALJ's decision, plaintiff filed this suit. The Secretary immediately moved to dismiss asserting that the district court lacked jurisdiction under 42 U.S.C. 405(g) because the Secretary's refusal to reopen a prior application is not a "final decision" within the meaning of the statute. *See Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). A magistrate, relying on *Califano v. Sanders*, denied the Secretary's motion because he found that the plaintiff had raised a colorable constitutional due process claim. Later, in his report and recommendations, the magistrate concluded that the manifest weight of the evidence compelled a finding of disability in favor of Mr. Elchediak. In reaching this conclusion, he determined that a remand to the Secretary was pointless since all the relevant evidence was presently before the court and recommended that the court reverse the Secretary's previous decision and award benefits in Mr. Elchediak's favor retroactively from October 1977.

The district court rejected the magistrate's findings and recommendations as clearly erroneous and concluded that the magistrate erred in not granting the Secretary's motion to dismiss. The court then granted the Secretary's motion to dismiss holding that the Secretary's refusal to reopen a previous application is not a final order from which relief can be sought in federal court and that the plaintiff had

---

**1.** Mr. Elchediak was twenty-three years old when this first application for benefits was filed. He had an established earnings record of his own, however, his insured status with respect to his earnings record had expired on December 31, 1975. Plaintiff was eligible to apply for child's benefits based on any disability he suffered prior to his twenty-second birthday which was on April 24, 1977.

**2.** We cannot determine from the record before us the date on which this second application was filed or the date on which the application was rejected. We do know, however, that in rendering its decision the Administration considered evidence through January 4, 1980.

**3.** This third application was based on Mr. Elchediak's own earnings record.

failed to raise a colorable constitutional claim.

After *Califano v. Sanders*, it is clear that the federal courts are without jurisdiction to review the Secretary's refusal to reopen a prior application absent some constitutional challenge. 430 U.S. at 107–09, 97 S.Ct. at 985–86. The sole issue before this court therefore is whether Mr. Elchediak's assertion that his mental illness precluded him from effectively litigating his claim for benefits because it prevented him from proceeding in a timely fashion from one administrative level to the next raises a colorable constitutional claim.

While we have not addressed this precise issue, we have recognized that in appropriate cases mental illness may destroy the *res judicata* effect of a prior administrative determination. *Green v. Weinberger*, 500 F.2d 203, 205 (5th Cir.1974).[4] In this case, Mr. Elchediak specifically asserts that he is entitled to benefits because his mental illness—paranoid schizophrenia—renders him disabled. All the available medical evidence confirms that he suffers from this type mental illness. Further, the evidence shows that his mental illness is severe enough to have required hospitalization on several occasions. For instance, the record shows that Mr. Elchediak's condition required an eighteen day hospitalization just two months prior to his receiving notice that his initial application had been denied.

Other courts addressing this issue in cases with similar factual settings have held that a claimant suffering from mental illness raises a colorable constitutional claim when he asserts that his mental illness precluded him from litigating his claim because it prevented him from pro-

ceeding from one administrative level to another in a timely fashion. *See Penner v. Schweiker*, 701 F.2d 256, 260–61 (3rd Cir. 1983); *Parker v. Califano*, 644 F.2d 1199, 1201–03 (6th Cir.1981); *Brittingham v. Schweiker*, 558 F.Supp. 60, 61 (E.D.Pa. 1983); *Kapp v. Schweiker*, 556 F.Supp. 16, 20–21 (N.D.Cal.1981). We choose to follow this approach and find the sixth circuit's analysis in *Parker* to be particularly helpful. After noting that the alleged due process deficiency was not the content of the notices mailed and received, but rather, the claimant's ability to understand and act on that notice, the court stated:

> This type of contention seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive her of the ability to understand or act upon notice of available administrative procedures.

*Parker v. Califano*, 644 F.2d at 1203. Because we conclude that Mr. Elchediak has raised a colorable constitutional claim, we remand to the district court with instructions that it direct the Secretary to make a determination, after considering such evidence as the parties may submit, whether Mr. Elchediak's mental illness prevented him from understanding and pursuing his administrative remedies following the denial of his first application for benefits.[5] In reaching this decision we do not intimate that every claimant who alleges that a mental problem or disorder prevented him from understanding and pursuing his administrative remedies will have raised a constitutional issue, however, we find that the plaintiff here raises a colorable consti-

---

**4.** We realize that *Green* was decided prior to *Califano v. Sanders*, however, there is nothing in *Sanders* which undermines the principle stated in *Green*. *See Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir.1981).

**5.** That Mr. Elchediak's mother rather than Mr. Elchediak himself filed the first application for benefits on his behalf is not in and of itself dispositive of his constitutional claim. There is no evidence in the record suggesting that Mr. Elchediak's mother received and understood the

notice or that she sat down and explained to Mr. Elchediak his right to appeal his initial denial; nor is there any evidence in the record which suggests that Mr. Elchediak was able to understand his rights and remedies just because his mother also received notice that his application had been denied. If such evidence is available, it presumably will be submitted to the Secretary prior to her determination of whether Mr. Elchediak understood the administrative remedies available to him.

tutional claim since he has shown: (1) he suffers from a medically-documented mental illness which serves as the basis for his disability claim; (2) on his first application he was without the assistance of counsel or other suitable representation; and (3) that he cannot assert a new claim for benefits because he now lacks insured status.

REVERSED and REMANDED with instructions.