**Kurt S. STONER, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 87–1129.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1987.

Decided Jan. 29, 1988.

Lawrence M. Halman, Southfield, Mich., for plaintiff-appellant.

Martin F. Palus, Asst. U.S. Atty., Grand Rapids, Mich., Blanca Bianchi de la Torre, argued, Department of HHS, Office of Gen. Counsel, Chicago, Ill., for defendant-appellee.

Before LIVELY, Chief Judge, JONES and GUY, Circuit Judges.

PER CURIAM.

Plaintiff, Stoner, appeals from a denial of his claim for Social Security and Supplemental Security Income benefits. Both claims were denied initially and on reconsideration, and a timely request for hearing was filed. This hearing was originally scheduled for December 13, 1984. However, on the date set for hearing, Stoner was recuperating from hip surgery and was in a full body cast making it impossible for him to attend.

The hearing was rescheduled for March 22, 1985. Counsel appeared on behalf of

---

Stoner and explained that Stoner was still in a body cast and, therefore, unable to appear.[1] Nonetheless, the administrative law judge (ALJ) proceeded with the hearing, at which time certain medical reports and the testimony of a vocational expert were introduced into evidence. At the conclusion of this very brief hearing, the ALJ concluded that:

[t]he evidence of record does not indicate that the claimant has been prevented for 12 continuous months, during the periods under consideration herein, from performing the duties of semi-skilled sedentary jobs to which his skills are transferable [sic] and also the duties of unskilled clerical and industrial jobs, which jobs exist in significant numbers in the area of the claimant's residence and in the national economy, pursuant to the testimony of vocational expert.

The Appeals Council affirmed the ALJ, and an appeal to the district court was filed on March 12, 1986. The district court affirmed the Secretary and this appeal followed.

On appeal, Stoner claims that when the ALJ conducted the hearing at which Stoner could not be present, Stoner was denied due process. Stoner also argues that there was a lack of substantial evidence to support the ALJ's determination that no continuous twelve-month period of disability had transpired.

Upon review of the record, we conclude that claimant was denied his due process rights when the hearing was conducted in his absence. Accordingly, we reverse and remand.

## I.

Stoner was born on April 4, 1951. On September 13, 1968, at age seventeen, he was involved in an automobile accident and sustained several injuries including multiple facial lacerations, fracture of the right acetabulum with posterior dislocation of the right femoral head, fracture of the first right metacarpal, and laceration of the ex-

tensor mechanism of the left long finger. The fracture dislocation of the right hip was corrected by an open reduction with internal fixation with screws. The skeletal traction was removed a month after surgery and Stoner began ambulating on crutches but without weight bearing on the right lower extremity. He was discharged from the hospital on November 10, 1968, without medications. Dr. Robert Bailey, Stoner's orthopedic surgeon, advised him that in the future he might develop post-traumatic osteoarthritic changes in the right hip. However, periodic checkups in the years following the surgery did not reveal any marked progression of the condition.

Subsequent to the accident, Stoner attended Ferris State College for five years taking business and dental laboratory courses. Upon graduation he opened his own dental laboratory which he operated from 1972 to 1980. Stoner alleges that, in 1980, he began experiencing cramping and numbness of the hands which interfered with his work as a dental laboratory technician and that, therefore, he decided to allow his wife to operate the business. Stoner then opened an auto body repair shop. As the owner-manager, he did the paperwork as well as manual labor. The pain in his right hip became progressively worse, however, and he was forced to close his repair shop in March, 1983.

Stoner then returned to Dr. Bailey, who concluded that major reconstructive surgery of the hip would be necessary. In December, 1984, a hip arthrodesis was performed.[2] After the operation, Stoner was placed in a body cast which completely immobilized him and in which he was to remain for six months. It is not disputed that Stoner was still in the body cast on the date of the March, 1985, hearing before the ALJ.

## II.

Section 205(b) of the Social Security Act, 42 U.S.C. § 405(b) (1983), and due process

---

1. Prior to the hearing date, counsel had notified the staff of the administrative law judge regarding Stoner's inability to appear at the hearing.

2. This was the time set for Stoner's first hearing.

require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied. *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981). The statutory right to appear is implemented through regulations promulgated by the Secretary which provide that:

[a]ny party to a hearing has the right to appear before the administrative law judge, either personally or by means of a designated representative, to present evidence and to state his or her position.

20 C.F.R. § 404.950(a) (1987).

There is no doubt that the right to appear can be waived. 20 C.F.R. §§ 404.-929, .950(b) (1987). However, a personal appearance is considered to be of sufficient importance that an ALJ can insist upon a claimant being present even when there has been a prior valid waiver. 20 C.F.R. § 404.950(b).

In order to insure that any waiver is made voluntarily and knowingly, the Secretary has promulgated Social Security Ruling (SSR) 79–19 to "establish requirements necessary for a valid waiver of an individual's right to appear, in person or through a representative, and present evidence or information at a hearing before the Office of Hearings and Appeals." Prior to the publication of SSR 79–19, the only requirement for a valid waiver was that it be in writing. For administrative convenience, SSA Form HA 501, "Request for Hearing," included a check-box where the claimant could indicate his decision. Although the form still is in use, in order to waive the right to appear, SSR 79–19 suggests that the claimant "sign a statement to that effect in accordance with the evidence requirements described below." In the statement, a claimant acknowledges that he has been informed of the nature of the proceedings and of his right to counsel, to appear and testify at the hearing, to present evidence, to waive the right to appear, and to have the waiver withdrawn prior to the mailing of the decision. There is also case authority holding that the mere marking of the check-box on the request for hearing form does not constitute a valid waiver. *Riels v. Bowen,* No. 85–C–9169, slip op. (N.D.Ill. Sept. 17, 1986) [Available on WESTLAW, 1986 WL 10389].

The government argues, however, that despite all of these protections, a valid waiver occurred in the instant case due to the fact that claimant's attorney appeared and did not object. The record simply does not support this contention.

Stoner's attorney made it clear that he appeared only to seek an adjournment and that he had no authority to waive his client's presence.

ALJ: * * * I assume, Mr. Halman, you have the authority of the claimant to proceed with this hearing, without his being present.

ATTY: I don't know if I have authority, per se, your Honor. He would like to have been present and his [sic] physically is unable to be.

ALJ: So, what is your statement you're waiving any objections to,—as to his counsel, as to not being present?

ATTY: I don't have the authority to do that, your Honor.

There is no doubt that after this exchange, counsel proceeded to participate in the hearing. However, it is clear that the decision to participate was the result of counsel's choice to either participate or face dismissal.

Two additional factors dictate that this case should be remanded. First, since Stoner was in a full body cast for at least six months, the ALJ's finding that there was not a twelve-month period of disability is suspect. Second, much of the claim for disability prior to and after the arthrodesis involves claims of disabling pain. Where pain is a key factor in a claim, it is particularly important for the ALJ to be able to make observations of a claimant and to question the claimant directly. Obviously, that was not done here.

Since we find that the claimant must be afforded a new hearing at which he can be present, we do not reach the other issues raised in this appeal.

REVERSED and REMANDED.