Virginia W. CALLIS,
Plaintiff–Appellant,

v.

DEPARTMENT OF HEALTH & HU-
MAN SERVICES, Otis Bowen,
Secretary, Defendant–Appellee.

No. 88–8882
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 17, 1989.

John M. Carlton, Whelchel, Whelchel &
Carlton, Moultrie, Ga., for plaintiff-appel-
lant.

Jack Hood, Asst. U.S. Atty., Macon, Ga.,
John M. Sacchetti, Chief, Retirement, Sur-
vivors, and Supplemental Assistance Litiga-
tion Branch, Dept. of HHS, Office of the
Gen. Counsel, Baltimore, Md., for defen-
dant-appellee.

Before TJOFLAT, HILL and
JOHNSON, Circuit Judges.

PER CURIAM:

Appellant initially applied for mother's
and child's insurance benefits based on the
disappearance of her husband. These
claims were denied because the death of
her husband had not been established. Ap-
pellant did not appeal this determination.

A year later, appellant filed a second set
of applications for mother's and child's in-
surance benefits. These claims were de-
nied initially because it was determined
that her applications were duplicates of her
initial applications. Upon reconsideration,
the Secretary determined that evaluation of
the new evidence which was submitted did

not show that appellant's husband was deceased. The Secretary concluded that appellant's second applications were merely duplicates and that there was no basis for reopening the prior decision.

Appellant's request for a hearing before an Administrative Law Judge (ALJ) was dismissed. The ALJ found that the doctrine of *res judicata* applied and that no new facts or issues had been introduced with the current applications which were not addressed in the previous decision.

In denying review, the Appeals Council concluded that there was no basis for granting the request for review of the dismissal of appellant's request for a hearing before an ALJ. The Appeals Council reviewed two new affidavits submitted by the appellant and determined that these affidavits did not change the material facts alleged, and thus, did not warrant a change in the final decision made on appellant's initial applications or support revision of the ALJ's dismissal of appellant's request for a hearing with respect to her current applications.

Appellant filed a complaint in the district court alleging that the Secretary's decision is not supported by substantial evidence because circumstantial evidence, which was submitted to the Secretary, established that her husband was deceased, and further that the Secretary applied an incorrect legal standard by requiring appellant to adduce evidence establishing death as the "inevitable conclusion from all the circumstances of the case," rather than establishing death as the more probable cause of her husband's disappearance. The Secretary responded and filed a motion to dismiss for lack of subject matter jurisdiction. Appellant filed an amendment to her complaint, arguing that her due process rights were violated because the Secretary's decision that no new evidence changed the material facts was arbitrary and unreasonable. The district court granted the Secretary's motion to dismiss, finding that the court lacked subject matter jurisdiction over appellant's complaint.

On appeal, appellant contends that the Secretary's decision not to reopen the initial decision is a denial of her substantive due process rights in that the decision was arbitrary and unreasonable. Appellant argues that the Secretary, in deciding not to reopen the initial decision, failed to adequately consider two affidavits which were submitted. She also argues that *res judicata* was incorrectly applied because new material evidence was submitted with her current applications. The Secretary contends that appellant did not present a substantive due process claim because the Secretary carefully reviewed all the information provided. The Secretary argues that appellant's due process claim is immaterial, unsubstantiated, and made for the sole purpose of obtaining jurisdiction.

■ The Secretary's refusal to reopen a prior application is not a final decision. *Elchediak v. Heckler,* 750 F.2d 892, 893 (11th Cir.1985). The federal courts are without jurisdiction to review the Secretary's refusal to reopen a prior application absent a constitutional challenge. *Id.* at 894. The constitutional grounds alleged must be colorable in order to confer subject matter jurisdiction. *Hall v. Bowen,* 840 F.2d 777, 778 (11th Cir.1987). If the claimant raised no colorable constitutional issues in support of her claim, the court's review is limited to a determination of whether the claim was in fact reopened. *Graham v. Bowen,* 786 F.2d 1113, 1114 (11th Cir.1986). The Secretary's *res judicata* finding is also reviewable only if the claimant raised a colorable constitutional claim. *Holland v. Heckler,* 764 F.2d 1560, 1562 (11th Cir. 1985).

■ Appellant asserts a constitutional substantive due process claim based on the Secretary's decision not to reopen her initial application, which was made after the Secretary determined that the two affidavits which were submitted were not material to demonstrate the death of her husband. Whether this is a colorable constitutional claim is difficult to determine without the complete administrative record. The record before the district court did not contain these two affidavits or any other evidence submitted by appellant in connection with her applications.

We REVERSE the district court's dismissal of appellant's complaint and REMAND this case to the district court with instructions to require that the record be supplemented with the administrative record and to determine whether appellant stated a colorable constitutional claim. If no colorable constitutional claim is raised, the district court's review is limited to determining whether the initial claim was in fact reopened. If the prior decision was not reopened, the district court is without subject matter jurisdiction to consider appellant's complaint.

Appellant's motion to supplement the record on appeal is denied.

REVERSED AND REMANDED.