70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Coot Lee SMITH, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 95-2129.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 5, 1995.
Decided Nov. 22, 1995.
 
 Before EASTERBROOK, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In this Social Security case, claimant Coot Lee Smith appeals the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration, arguing that he was wrongly denied a hearing. Because substantial evidence supports a finding that Smith voluntarily waived his right to appear personally before the Administrative Law Judge at a disability hearing, we shall affirm the decision of the district court.
 
 I.
 
 2
 On February 25, 1992, petitioner Coot Lee Smith filed an application for benefits under the Social Security Act ("Act"), claiming disability due to stress, emotional problems, and drug and alcohol abuse. The application was denied initially and on reconsideration. In November of 1992, Smith requested a hearing before an Administrative Law Judge ("ALJ"). Before the ALJ could schedule a hearing, Smith was incarcerated. The government eventually contacted Smith's attorney, who wrote to Smith in August, 1993, about the problem his incarceration posed in scheduling the hearing. Smith responded that he preferred that the matter be postponed until his expected release the following January, but added that "if this arrangement cannot be accomplish [sic ], then I will submit to your inclination of waiving my personal appearance, in good faith your opinion are my future weight [sic ]."
 
 
 3
 Smith's attorney asked the ALJ to postpone the hearing. The ALJ declined to do so, but noted that Smith indicated a willingness to accept a decision on the record, and offered extra time to submit evidence for such a hearing. The ALJ also offered to schedule and conduct a hearing at the prison. Eight days later, Smith signed and submitted a form waiving his right to appear personally before the ALJ, and stating his reasons for waiver:
 
 
 4
 I am incarcerated and cannot appear at a hearing. My attorney has advised me the Judge will not continue the case until I am released in January of '94 to allow us to get the evidence to prepare my case for hearing. I therefore have no choice but to waive the appearance before the Administrative Law Judge in this case.
 
 
 5
 Without further contact with Smith, the ALJ proceeded to decide the case on the record, finding that Smith waived his right to appear, was not disabled within the meaning of the Act, and consequently not entitled to benefits. After the Appeals Board declined further review, Smith appealed the decision to the district court, which affirmed.
 
 II.
 
 6
 Smith asserts that his Due Process rights were violated when the administrative hearing was conducted in his absence. Social Security claimants have a statutory right to appear personally at a disability hearing before an ALJ. Stoner v. Secretary of Health & Human Servs., 837 F.2d 759, 761 (6th Cir.1988); 42 U.S.C. Sec. 1383(c)(1)(A); 20 C.F.R. Secs. 404.950(a), 416.1450(a). If properly informed of the right, the claimant may waive it. 20 C.F.R. Secs. 404.929, .950(b), 416.1450(b); see also Binion v. Shalala, 13 F.3d 243, 245 (7th Cir.1994) (waiver of right to counsel). The ALJ, however, has a duty to determine whether the waiver was valid. See id.; Thomas v. Schweiker, 557 F.Supp. 580, 582 (S.D.Ohio 1983). A waiver is valid if it is knowing and intelligently made. Riels v. Bowen, No. 85 C 9169, 1986 WL 10389, * 3 (N.D.Ill. Sept. 17, 1986); cf. Binion, 13 F.3d at 245-46. Because Smith completed and signed a printed waiver form which fully explained the right to appear, the sole question before us is whether Smith signed the waiver voluntarily.[2]
 
 
 7
 Smith contends that the ALJ should have realized that Smith signed the waiver under duress after the ALJ refused to grant a continuance. Where, as here, the Appeals Counsel found no basis for further review, the ALJ's findings stand as those of the Commissioner. Howell v. Sullivan, 950 F.2d 343, 347 (7th Cir.1991). Unless the Commissioner has committed an error of law, her factual findings are conclusive if supported by substantial evidence. Id.; 42 U.S.C. Sec. 405(g). Substantial evidence is more than a scintilla of evidence but less than a preponderance: it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Diaz v. Chater, 55 F.3d 300, 305 (7th Cir.1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Affirmance is mandatory even if substantial evidence also supports the opposite conclusion. Mullen v. Brown, 800 F.2d 535, 545 (6th Cir.1986) (en banc); see also Diaz, 55 F.3d at 305-06.
 
 
 8
 The ALJ's determination that Smith voluntarily and intelligently waived his right to appear personally at the disability hearing is a finding of fact. See Evangelista v. Secretary of Health & Human Servs., 826 F.2d 136, 142 (1st Cir.1987); cf. United States v. Cheek, 3 F.3d 1057, 1062 (7th Cir.1993) (determination that party acted voluntarily is a finding of fact), cert. denied, 114 S.Ct. 1055 (1994); Stafford v. Poor, 63 F.3d 1436, 1441, (7th Cir.1995) (same). Consequently, if supported by substantial evidence, the Commissioner's decision must stand even if we would have decided the matter differently as a case of first impression. See Diaz, 55 F.3d at 305-06.
 
 
 9
 Substantial evidence supports the finding that Smith validly waived his right to appear personally before the ALJ. Correspondence between Smith and his attorney clearly reveals that they not only discussed the issue of waiver, but that counsel advised Smith to waive the right to appear personally should the ALJ deny a continuance. The ALJ had this correspondence before him when he offered Smith the alternative of a decision on the record or a hearing at the prison. Because Smith was represented by counsel, the ALJ was entitled to assume that Smith believed waiver was an appropriate course of action. Cf. Glenn v. Secretary of Health & Human Servs., 814 F.2d 387, 391 (7th Cir.1987). Despite Smith's statement that he had "no choice" but to waive the right to appear in person, it is objectively reasonably to infer from the correspondence and the waiver itself that Smith made the waiver intelligently and voluntarily.
 
 
 10
 Smith also argues that absent a compelling reason to the contrary, the ALJ had an obligation to continue the hearing until Smith got out of prison, because he could not properly obtain evidence necessary to his case while incarcerated. Neither case law nor the Social Security regulations support Smith's position. The regulations state that an ALJ will reschedule a hearing where the claimant shows good cause. 20 C.F.R. Sec. 416.1436(b). Incarceration, however, does not fall within the statutory definition of good cause. See 20 C.F.R. Sec. 416.1436(c)-(d). That free persons can pursue civil litigation more readily than inmates does not compel courts to accommodate prisoners wishing to pursue a civil case. See Ivey v. Harney, 47 F.3d 181, 186 (7th Cir.1995). Moreover, neither the Social Security Act nor due process give claimants an absolute right to be present in person. Rather, the Act mandates that the claimant receive a reasonable opportunity to be heard. Stoner, 837 F.2d at 761; 42 U.S.C. Sec. 405(b). Consequently, an ALJ need not bend over backwards to oblige an incarcerated claimant. In the case at bar, Smith was represented by counsel, who could have attended a hearing as Smith's personal representative. 20 C.F.R. Sec. 404.950(a). While it would be better practice for the ALJ to explain more fully his reasons for refusing to grant a continuance, the question is not whether we would have granted the continuance, but whether Smith had the requisite opportunity to be heard. We hold that the ALJ's willingness either to schedule a hearing at the prison or give Smith extra time to submit evidence for a decision on the record provided Smith with a reasonable opportunity for a hearing.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Pursuant to Federal Rule of Appellate Procedure 42(c) and Pub.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security, is substituted as the named defendant-appellee for Donna E. Shalala, Secretary of Health and Human Services
 
 
 [2]
 Smith argued to the district court that there was not substantial evidence to support the ALJ's determination that he was not disabled. Although Smith includes the medical background of his case in his brief to this court, and cites the regulatory framework for determining whether a claimant is disabled, he develops no argument regarding the ALJ's finding. Accordingly, he has not properly preserved this claim for appeal. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991) (per curiam )