United States Court of Appeals,

Eleventh Circuit.

No. 94-6591

Non-Argument Calendar.

Theodore S. SHERROD, Plaintiff-Appellant,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant-Appellee.

Feb. 2, 1996.

Appeal from the United States District Court for the Southern District of Alabama. (No. 93-0330-AH-C), Alex T. Howard, Jr., Judge.

Before TJOFLAT, Chief Judge, HATCHETT, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

This case comes before us on appeal of the plaintiff Theodore S. Sherrod from the district court's order dismissing his claim for disability insurance benefits. Since we agree with the district court that it did not have subject matter jurisdiction to review Sherrod's claim, we affirm.

BACKGROUND

On July 18, 1988, Sherrod applied to the Department of Health and Human Services for various disability and social security benefits under Title II and Title XVI of the Social Security Act[1],

_____

[1]At the time he filed for these benefits, Sherrod had not worked for six years due to mental problems which gradually were becoming worse. He was unable to attend to personal matters or carry on a regular routine, and he was withdrawn, depressed, and engaged in no social activities.

but the Secretary[2] denied his petition.  With the assistance of legal counsel, Sherrod requested and received a hearing before an administrative law judge (ALJ) which was conducted on September 7, 1989.  By decision dated January 18, 1990, the ALJ concluded that Sherrod was disabled as of July 1988, thus entitling him to receive supplemental security income under Title XVI.  Nevertheless, Sherrod's insured status under Title II had expired in 1987, thereby making him ineligible for disability insurance benefits. Sherrod did not appeal the denial of his Title II insurance benefits.

In April 1992, Sherrod filed a second application for disability benefits.  The Secretary denied the application initially on the grounds that it covered the same issues which had been decided when the 1990 claim was denied, and the new evidence which Sherrod submitted was not sufficient to cause a change in the earlier decision.  On reconsideration, the application was denied on the basis that Sherrod's insured status had expired.  Sherrod continued to pursue his claim by filing a request for a hearing before the ALJ along with a petition to reopen the ALJ's 1990 decision.  In response, the ALJ wrote a letter dated December 8, 1992, to Sherrod stating that his request to reopen had no merit since it was filed thirty months after the prior final decision. Sherrod filed a request for review of the ALJ's decision, but the

_____

[2]In Sherrod's district court action, Donna E. Shalala, Secretary of Health and Human Services, is identified as the defendant.  Since Sherrod's appeal, however, Shirley S. Chater, Commissioner of Social Security, has been substituted as the defendant.  Nevertheless, for the sake of convenience, we simply refer to "the Secretary" when identifying the party acting on behalf of the Department of Health and Human Services.

Appeals Council took no action after it found that the ALJ's decision was not subject to review according to agency regulations. *See* 20 C.F.R. § 404.903.

Undeterred by his previous setbacks, Sherrod continued his quest for disability benefits by filing a complaint in the district court on April 7, 1993, seeking judicial review of the ALJ's refusal to reopen his case. The district court referred the matter to a magistrate who issued a report and recommendation stating that the district court had no jurisdiction to review the denial of a request to reopen a prior, final decision. The district court adopted the magistrate's report and recommendation over Sherrod's objection and dismissed the case.

DISCUSSION

The decision of the district court as to its subject matter jurisdiction is a question of law which we review *de novo.* *Mutual Assurance, Inc. v. United States,* 56 F.3d 1353, 1355 (11th Cir.1995).

The district court's jurisdiction in this case is limited by the Social Security Act, and judicial review only exists over "final decisions of the Secretary." 42 U.S.C. § 405(g). As a general matter, district courts do not have jurisdiction over the Secretary's refusal to reopen a claim since such a refusal is not a "final decision" within the meaning of section 405(g). *Califano v. Sanders,* 430 U.S. 99, 107-08, 97 S.Ct. 980, 985-86, 51 L.Ed.2d 192 (1977); *Stone v. Heckler,* 778 F.2d 645, 646-47 (11th Cir.1985). Nevertheless, subject matter jurisdiction will exist in those cases where "a social security claim is in fact reopened and

reconsidered on the merits to any extent on the administrative level." *Macon v. Sullivan,* 929 F.2d 1524, 1529 (11th Cir.1991); *see also Passopulos v. Sullivan,* 976 F.2d 642, 645-46 (11th Cir.1992). Also, judicial review may be had where the claimant raises a colorable constitutional issue, *Callis v. Department of Health & Human Servs.,* 877 F.2d 890, 891 (11th Cir.1989), because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders,* 430 U.S. at 109, 97 S.Ct. at 986. On this appeal, Sherrod contends that the district court has subject matter jurisdiction because the ALJ in fact reopened his claim on the merits and because he has raised a colorable constitutional claim. Sherrod also claims that the district court erred by not remanding his claim to the Secretary for further consideration in light of new evidence.[3]

### A. Reconsideration of the merits

In 1992, Sherrod made a request to the ALJ to reopen his 1990 application for benefits. The ALJ responded by letter stating that Sherrod's request had "no merit" since it had been filed thirty months after the original decision. On appeal, Sherrod argues that this response by the ALJ demonstrates that his case was reopened and the merits reconsidered. We do not agree. The use of the word "merit" in the ALJ's letter is a reference to the merits of Sherrod's request to reopen his claim. It is not, as Sherrod

---

[3]Sherrod makes the additional argument that the district court erred by failing to rule on his motion for summary judgment. Our conclusion that the district court lacked subject matter jurisdiction, however, makes it unnecessary for the district court to rule on that motion.

contends, a reference to the merits of the claim itself. This statement clearly does not touch upon the merits of the prior administrative decision, and there is absolutely no evidence showing that the ALJ conducted a review of the record of Sherrod's 1990 claim. As such, Sherrod's argument on this point has, for lack of a better phrase, no merit.

### B. Constitutional claim

Sherrod next argues that the Secretary's refusal to reopen the 1990 decision constitutes a denial of constitutional due process. In making this argument, he relies upon our decision in *Elchediak v. Heckler,* 750 F.2d 892 (11th CIr.1985). In that case, we held that a claimant raises a colorable constitutional claim if the following criteria are present: (1) he suffers from a medically-documented mental illness which serves as the basis for his disability claim; (2) on his first application he was without the assistance of counsel or other suitable representation; and (3) he cannot assert a new claim for benefits because he now lacks insured status. *Id.* at 894-95. It is undisputed that the first and third of the *Elchediak* criteria are met in this case, but Sherrod blithely dismisses as unimportant the element regarding the lack of counsel. We believe he misses the point. Our overriding concern in *Elchediak* was that the claimant's mental illness, coupled with his *pro se* status, prevented him from proceeding from one administrative level to another in a timely fashion. *Id.* at 894; *see Young v. Bowen,* 858 F.2d 951, 955 (4th Cir.1988) ("It offends fundamental fairness, however, to bind a claimant to an adverse ruling who lacks both the mental competency and the legal

assistance necessary to contest the initial determination."); *Shrader v. Harris,* 631 F.2d 297, 302 (4th Cir.1980) ("Our opinion applies solely to claimants afflicted by mental illness whose claims, presented pro se, were denied ex parte."); *see also Canales v. Sullivan,* 936 F.2d 755 (2d Cir.1991); *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981). This concern is alleviated where, as here, the claimant is assisted by legal counsel who understands the administrative process. Thus, we conclude that Sherrod's argument of a constitutional claim based on *Elchediak* fails.[4]

### C. Remand for new evidence

Finally, Sherrod argues on appeal that the district court should have remanded his case to the Secretary for further consideration in view of new evidence. *See* 42 U.S.C. § 405(g).[5] In so doing, he relies on our decision in *Caulder v. Bowen,* 791 F.2d 872 (11th Cir.1986). Once again, however, Sherrod has misinterpreted case law. In *Caulder,* we were faced with a situation where a claimant had come across new medical evidence

---

[4]Sherrod attempts to downplay the importance of the fact he had legal assistance during his 1990 application for benefits by relying on the Sixth Circuit's decision in *Stoner v. Secretary of Health and Human Servs.,* 837 F.2d 759 (6th Cir.1988). In *Stoner,* the court concluded that a claimant's due process rights were violated even though he was represented by counsel at a hearing before an ALJ. The *Stoner* court's decision, however, turned on the fact that the claimant himself was unable to be at the hearing due to medical complications. *Id.* at 761. Such is not the case here as both Sherrod and his legal counsel were present during the 1990 application for benefits.

[5]This provision provides in part that a district court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material." 42 U.S.C. § 405(g).

regarding his disability while his claim was still on direct review. *Id.* at 875. In other words, the evidence that the claimant had at the time the case was before the district court was *not* available when his claim was before the Secretary. Such is not the situation in Sherrod's case. Sherrod's "new evidence" is medical testimony that was not introduced in his 1990 application for benefits. He used this "new evidence" to launch a collateral attack on the 1990 claim by filing a new claim in 1992. Unlike the situation in *Caulder,* this evidence was before the Secretary and the ALJ when the decision was made not to reopen Sherrod's 1990 claim. Thus, this information is not "new evidence" within the meaning of section 405(g) or *Caulder* that would require a remand for further consideration at the administrative level.

## CONCLUSION

The district court correctly concluded that it did not have subject matter jurisdiction to review the Secretary's refusal to reopen Sherrod's 1990 claim for benefits.

AFFIRMED.