

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2007

# Biswas v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3828

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Biswas v. Comm Social Security" (2007). *2007 Decisions.* Paper 1574.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1574

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3828

———

VASKAR BISWAS,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-03503)
District Court Judge: Honorable Joel A. Pisano

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2006

Before: BARRY, VAN ANTWERPEN, and JOHN R. GIBSON,* Circuit Judges.

(Filed February 26, 2007)

———

OPINION OF THE COURT

———

PER CURIAM.

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals
for the Eighth Circuit.

Vaskar Biswas appeals the District Court's order affirming the final decision of the Commissioner of Social Security to deny his claim for disability insurance benefits and supplemental security income. He argues that his due process rights were violated when the Administrative Law Judge decided his claim on the record without holding a hearing and that the ALJ failed to explain his findings that Biswas did not have a listed impairment and that he had residual functional capacity to do sedentary work. The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and appellate jurisdiction exists under 28 U.S.C. § 1291. We will affirm.

At the time Biswas applied for social security benefits, he was forty-five years old, had at least a tenth-grade education, and had worked primarily as a limousine driver. He underwent open heart surgery to replace an aortic valve in September 2001 and sought benefits for a closed period running from September 27, 2001, to February 17, 2003. After his applications were denied, he sought review by an ALJ and requested a hearing. The ALJ set an initial hearing date, but, for reasons the record does not disclose, rescheduled the matter for a later date. The record does not show whether a hearing was held on either date. Although the ALJ's decision and a letter from Biswas's attorney both indicate that Biswas requested an on-record determination at some point, the record does not contain a written waiver of Biswas's right to a hearing.

The ALJ ultimately denied Biswas's claim for benefits on the record, employing the familiar five-step analysis set forth in 20 C.F.R. §§ 404.1520 and 416.920. The ALJ found that Biswas was not performing substantial gainful work during the closed period

-2-

and that his status post-aortic valve replacement and peripheral vascular disease were severe impairments. The ALJ further found, however, that Biswas's impairments did not meet or medically equal any impairment listed in the Social Security regulations and that, although Biswas was not able to perform his past work as a limousine driver, his impairments did not prevent him from doing sedentary work and thus he was not disabled.

Biswas first argues that the ALJ violated his due process and statutory rights to a hearing before denial of his claim for benefits, 42 U.S.C. § 405(b)(1). See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). The Commissioner responds that Biswas waived his right to a hearing. Under Social Security regulations, an applicant's waiver of the right to a hearing is valid only if it is in writing and acknowledges that the applicant is cognizant of certain rights. Stoner v. Sec'y of Health & Human Servs., 837 F.2d 759, 761 (6th Cir. 1988) (describing requirements of Social Security Ruling 79-19). While the record contains Biswas's attorney's statement that he had "requested an on record determination," it contains no written waiver by Biswas as required by the Commissioner's own regulations set forth in Social Security Ruling 79-19. On this record, we cannot conclude that Biswas waived his right to a hearing. Nonetheless, remand is warranted only if the ALJ's failure to hold a hearing prejudiced Biswas. See Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981). We hold that it did not, because Biswas received notice of the two scheduled hearings, his attorneys advocated to the ALJ on his behalf, he submitted medical information to the ALJ, and he was no longer

disabled by the time of the scheduled hearings, eliminating the need for the ALJ to observe his condition. Biswas's case was presented to the ALJ, and the ALJ's failure to hold a hearing was not prejudicial.

Next, Biswas challenges the sufficiency of the ALJ's findings that his impairment did not meet or medically equal an impairment listed in the Social Security regulations and that he retained residual functional capacity to do sedentary work. Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A claimant automatically is considered disabled if his or her impairment meets or medically equals an impairment listed in the Social Security regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(a)(4)(iii). In finding that Biswas's impairment, though severe, did not meet or medically equal a listed impairment, the ALJ stated:

> Special consideration has been given to the listings in 4.00 [the cardiovascular system listings]. However, EKG and other testing does not support a finding that the claimant's condition meets listing level severity. Moreover, the claimant does not have a sufficient record of treatment to establish listing level severity.

Biswas likens the ALJ's analysis of his impairment to the ALJ's pronouncement in Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119, 117 (3d Cir.

-4-

2000), where this Court held inadequate the ALJ's "conclusory statement" that the claimant's "severe musculoskeletal impairment" did not meet or equal a listed impairment. Unlike the ALJ in Burnett, however, the ALJ in this case explained his findings in sufficient detail to allow us to conduct "meaningful judicial review." Id. at 119. The ALJ identified the listings relevant to Biswas's impairment and described the medical evidence in the record, including Biswas's symptoms and the consistent findings of two doctors who examined him. Biswas reported several symptoms both to his doctors and in questionnaires submitted to the Commissioner; these symptoms included low energy and fatigue, dizziness and shortness of breath upon physical exertion, leg pain, itchiness, and feeling of pulling in his chest muscles. Consultative examiner Dr. Celia Roque's examination, however, found that Biswas's heart had a regular rhythm with no murmur and that he had mild cardiomegaly (an enlarged heart) but no congestive heart failure. She also opined that he was able to sit, stand, walk, hear, speak, read, write, and travel, although he had "functional limitations for activities requiring exertions." Similarly, Dr. Francky Merlin reported that Biswas's heart had a "metallic click" with no murmur, gallop, or friction rub and that he was able to sit, stand, walk, handle objects, hear, speak, and travel. The ALJ sufficiently developed the record and explained his findings to permit us to conduct meaningful judicial review of his conclusion that Biswas's impairments were not of "listing level severity," see Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), and we hold that substantial evidence, specifically the doctors' reports, supports that conclusion.

Similarly, Biswas argues that the ALJ provided an inadequate basis for his finding that he had residual functional capacity to perform sedentary work, which ultimately barred him from receiving disability benefits. Citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981), Biswas points out that the ALJ was obligated to make "comprehensive and analytical" findings that explain why he rejected any significant probative evidence. Biswas argues that the ALJ only recited the evidence and announced his conclusion without explaining the interplay between the two. The ALJ was not required, however, to "adhere to a particular format in conducting his analysis," Jones, 364 F.3d at 505, and the record demonstrates that he considered the appropriate factors. He considered Biswas's report of his symptoms, but explained that he found them "not fully credible" in light of the medical evidence. This finding is supported by Dr. Roque's opinion that Biswas had "multiple subjective symptoms with unremarkable physical examinations." (R. at 241). Biswas provided inconsistent answers about his ability to perform various household tasks on two functional assessment questionnaires, but at a minimum he reported a continuing ability to take short walks, drive, and shop. Dr. Roque and Dr. Merlin, who both examined Biswas, reached consistent conclusions that he was able to sit, stand, walk, hear, speak, and travel. Substantial evidence therefore supports the ALJ's finding that Biswas was not disabled during the closed period because his impairment would not have prevented him from performing sedentary work.

We will AFFIRM the judgment of the District Court.