[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13669
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cv-01350-JSM-TGW


GEORGE COLLIER,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 23, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

     George H. Collier appeals the dismissal of his complaint against the

Commissioner of Social Security for lack of subject matter jurisdiction.  42 U.S.C.

§ 405(g).  Collier sought judicial review of the denial of his request to reopen his application for disability benefits.  We affirm.

In June 1986, the Commissioner awarded Collier disability benefits based on a determination that he had been disabled by schizophrenia since March of 1981, but Collier's condition improved.  In February 1988, the Commissioner notified Collier that his entitlement to benefits had ceased in July 1987 because he had proved capable of performing substantial gainful work as an insurance salesman.  The Commissioner relied on Collier's work reports and earnings statements establishing that he had worked more than 15 hours each week as an independent contractor between July 1986 and February 1988 and he had earned $350 while working as an agent between April and June of 1987.  Although the Commissioner reinstated Collier's benefits in August 1987, his situation improved.

In July 1989, the Commissioner notified Collier that he had demonstrated an ability to perform substantial gainful work in January 1988 and that his benefits had ceased in March 1988.  The Commissioner based his decision on three sources of information: a work report that Collier submitted in June 1989; 1099 forms prepared by three insurance companies; and a letter Collier wrote to the Commissioner in which he reporting earning $20,419 between January and August of 1988.  The Commissioner also advised Collier to submit within ten days

2

additional evidence that he wanted the Commissioner to consider before making a formal determination, but Collier did not submit any evidence.

In August 1989, the Commissioner issued an initial determination that terminated Collier's disability benefits and that notified Collier of his right to seek reconsideration of the determination within 60 days.  Collier did not submit a request for reconsideration, and the initial determination of the Commissioner became "binding."  20 C.F.R. §§ 404.905; 404.987(a); see also id. § 404.900(b).  In November 1989, Collier sent the Commissioner a letter using letterhead styled "Collier & Associates."  In his letter, Collier stated that he remained under the care of a doctor; his income had decreased and he was penniless as of January 1989; he worked between 10 and 50 hours each week; and he "believ[ed] [he] [might] again be qualified for disability, . . . [but]would like to do without it if [he] can."

In October 2008, Collier requested that the Commissioner reopen his application for benefits on the ground that there was an error on the face of the record because his schizophrenia had rendered him unable to understand the procedures required to reinstate his benefits.  The Commissioner denied Collier's request to reopen as untimely and without merit in the light of its records.  Collier sought review before an administrative law judge and the Appeals Council, both of which ruled that the denial of Collier's request to reopen was not subject to administrative review and, alternatively, that his request lacked merit.

3

In June 2011, Collier filed a complaint against the Commissioner, who moved to dismiss the complaint for lack of subject matter jurisdiction. Collier alleged that he had a colorable constitutional claim that his schizophrenia rendered him unable to pursue his administrative remedies. The Commissioner responded that the denial of Collier's request to reopen was not subject to judicial review. The district court granted the motion to dismiss of the Commissioner.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction, Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996), and review related findings of fact for clear error, Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009). "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." Id. In its review, the district court is not required to weigh the facts in the light most favorable to the plaintiff. Id.

The district court correctly dismissed Collier's complaint. The Social Security Act limits judicial review to "final decision[s] of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g). A final decision is defined as the initial determination of the Commissioner about the right to benefits after a claimant has exhausted all available steps of the administrative review process. 20 C.F.R. § 404.900(a)(1)–(5). The denial of Collier's request to reopen is not a

4

"final decision" that is subject to judicial review. See Sherrod, 74 F.3d at 245. As explained in the regulations, the denial of a "request to reopen a determination or a decision" is an "administrative action that [is] not [an] initial determination[] . . . subject to the administrative review process . . . [or] to judicial review." 20 C.F.R. § 404.903(l). The district court lacked subject matter jurisdiction to review the administrative action of the Commissioner.

Although a district court has subject matter jurisdiction to review the denial of a request to reopen if a claimant makes a colorable claim about the denial of a constitutional right, Collier's claim is not colorable. Collier argued that his schizophrenia rendered him incapable of pursuing his administrative remedies, but the district court did not clearly err in finding that the record belied Collier's argument. In spite of his schizophrenia, Collier proved capable of performing substantial gainful work in part of 1987 and throughout 1988. Although Collier reported that his earnings had decreased in 1989, Collier did not report any change in his mental condition, and he continued to work. See id. § 404.1572(b) ("Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized."). And Collier stated in his November 1989 letter to the Commission that he understood he "[might] again be qualified for disability," yet he preferred to "do without" benefits. In contrast to the claimant in Elchediak v. Heckler, 750 F.2d 892 (11th Cir. 1985), who introduced evidence about receiving

5

medical treatment for his schizophrenia shortly before the Commissioner denied his application for benefits, id. at 894, Collier failed to submit any evidence other than his self-serving statements that his mental condition had deteriorated before the Commissioner issued his final determination.

Collier makes two other arguments, both of which fail. Collier argues that the Commissioner violated an order directing him to compile "a Social Security transcript," but Collier does not argue that he requires any evidence beyond that included in the appellate record and the expanded record excerpts. Collier also argues about being entitled to have his benefits reinstated automatically in March 1990, but Collier fails to cite any authority that supports his argument. See Fed. R. App. P. 28(a)(9).

We **AFFIRM** the dismissal of Collier's complaint.

6