[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13102

Non-Argument Calendar

_____

CATHERINE M. HUNTER,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00406-TJC-LLL

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Catherine Hunter appeals the district court's dismissal of her complaint against the Commissioner of Social Security.  *See* 42 U.S.C. 405(g).  After the agency denied Hunter's claim for disability benefits, she discovered that certain medical records from her primary-care physician had not been included in the administrative record, and she asked the agency to make a new determination on her claim in light of the new evidence.  In response, an administrative law judge ("ALJ") issued a new partially favorable decision finding that Hunter had established a closed period of disability.  But the Appeals Council *sua sponte* vacated the ALJ's decision and denied Hunter relief, stating that the original adverse decision was "administratively final" and could not be reopened.

Hunter requested judicial review of these decisions in the district court, which dismissed the complaint with prejudice as barred by claim preclusion.  We don't reach that conclusion because the agency's refusal to reopen Hunter's disability claim is not subject to judicial review under 42 U.S.C. § 405(g).  Accordingly, we must vacate and remand with instructions to dismiss Hunter's complaint for lack of subject-matter jurisdiction.

## I.

In April 2010, Hunter applied for a period of disability and disability-insurance benefits, alleging a disability onset date of April 21, 2007.  An ALJ held a hearing and then issued an adverse decision

in 2012, finding that Hunter was not under a disability from her alleged onset date through December 31, 2007, the date Hunter was last insured under the Social Security Act. The Appeals Council denied review.

Hunter sought judicial review, and, ultimately, we affirmed the agency's decision in June 2016. After rejecting Hunter's various arguments on appeal, we concluded that the "decision finding that Hunter was not under a disability from the disability onset date through the date last insured was supported by substantial evidence and was based on proper legal standards." *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016).

In late 2015, while the appeal was pending, Hunter filed a motion to supplement the record on appeal with additional medical records from her primary-care physician, Dr. Robert Corbett, dated between 2005 and 2008. Hunter said she had recently discovered that these records, which were material to her disability claim, had not been included in the administrative record or previously considered by the agency. The motion was denied.[1]

In 2017, after our decision on appeal, Hunter filed a new disability application and asked the agency to reopen her prior disability claim because of "new and material evidence," namely, Dr. Corbett's medical records. In January 2020, an ALJ found that the 2012 ALJ decision was "res judicata with respect to the most current

---

[1] *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (stating that reviewing courts are limited to the record considered by the agency).

claim" and that he had "no jurisdiction" to reopen the prior decision. The Appeals Council granted Hunter's request for review and sent the case back to the ALJ for further proceedings on Hunter's claim, stating that *res judicata* did not apply because Hunter alleged new mental impairments.

In January 2021, following a hearing, the ALJ issued a partially favorable decision finding that Hunter was entitled to a closed period of disability from April 21, 2007, through January 11, 2010. Two months later, though, the Appeals Council notified Hunter that it would be exercising its *sua sponte* authority to correct legal errors in the ALJ's decision and entering its own decision that she was not entitled to disability benefits.

Then, in June 2021, the Appeals Council vacated the 2021 ALJ decision and issued its own adverse decision finding that Hunter was not disabled. In the view of the Appeals Council, the 2021 ALJ decision erroneously "found the claimant disabled during a period when the [agency] had already found the claimant not disabled"—from April 2007 to December 2007. That prior "unfavorable determination[]" was binding, the Appeals Council stated, because Hunter failed to seek reopening of the original decision within the time limits provided in agency regulations, and she did not allege fraud or similar fault. *See* 20 C.F.R. § 404.988 ("Conditions for reopening."). Accordingly, the Appeals Council concluded that "the prior unfavorable decision from May 10, 2012, was administratively final for the applicable time period and requires an unfavorable decision."

Hunter again turned to the federal courts for review. Based on the recommendation of a magistrate judge, the district court dismissed Hunter's complaint as barred by "federal *res judicata* principles" in light of our affirmance of the 2012 ALJ decision denying her disability claim. The court declined to consider "the issue of administrative finality." Hunter now appeals.

## II.

After briefing concluded, we asked the parties to address the district court's subject-matter jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). In particular, we requested and received briefing on whether the "refusal to reopen [Hunter's] prior application for benefits is subject to judicial review under 42 U.S.C. § 405(g)." We review that issue *de novo*. *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996).

Judicial review of disability claims is "limited by the Social Security Act," which provides jurisdiction "only over the 'final decision of the Commissioner of Social Security.'" *Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003) (quoting 42 U.S.C. § 405(g)). In general, "district courts do not have jurisdiction over the Commissioner's refusal to reopen a claim," since a refusal to reopen is not considered to be "a 'final decision' within the meaning of § 405(g)." *Id.*; *see Califano v. Sanders*, 430 U.S. 99, 107–09 (1977).

Nevertheless, the Commissioner's denial of a motion to reopen is subject to judicial review" in two narrow circumstances: (1)

"the merits of the closed disability application are actually reexamined"; or (2) "the claimant presents a colorable constitutional claim." *Hall v. Bowen*, 840 F.2d 777, 778 (11th Cir. 1987); *see also Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996).

In applying the first exception, "our aim [has been] to demand compliance with the Secretary's regulations on reopening." *Passopulos v. Sullivan*, 976 F.2d 642, 647 (11th Cir. 1992). Thus, we have exercised jurisdiction where ALJs "disregard[ed] the regulations and declare[d] that a reopening ha[d] not occurred when a reopening ha[d], in fact, occurred." *Id.* To determine if a reopening occurred, "we must look to what the ALJ and the Appeals Council did," since jurisdiction exists "to review only the Commissioner's final decision." *Cash*, 327 F.3d at 1257. If a decision is reopened, "we have jurisdiction to review the prior decision to the extent that it has been reopened." *Wolfe*, 86 F.3d at 1079.

As to the second exception, we have stated that, ordinarily, "[a] constitutional claim relating to the first [disability] application is insufficient to confer subject matter jurisdiction." *Cherry v. Heckler*, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985). Rather, "the constitutional issue must concern the proceeding at which the decision not to reopen was made." *Id.* Nevertheless, we have recognized a colorable constitutional claim where a claimant alleged that his mental impairments, "coupled with his *pro se* status, prevented him from proceeding from one administrative level to another in a timely fashion" on the original claim. *Sherrod*, 74 F.3d at 246

(describing the holding of *Elchediak v. Heckler*, 750 F.2d 892, 895 (11th Cir. 1985)).

Here, the Commissioner's June 2021 decision denying Hunter's request to reopen or revive her disability claim is not subject to judicial review under § 405(g). We ordinarily lack jurisdiction over such a refusal to reopen. *See Cash*, 327 F.3d at 1256. And our review of the record in this case does not support the application of either exception to that general rule.

First, the record does not show that the Commissioner "actually reexamined" the merits of the closed disability application in a way that matters for our jurisdiction. *See Hall*, 840 F.2d at 778. The agency, to be sure, did more than simply deny reopening. After an ALJ in 2020 determined that the original denial of Hunter's claim was final and could not be reopened, the Appeals Council stepped in and ordered further proceedings on Hunter's mental impairments, resulting in an ALJ's partially favorable decision in 2021. But then the Appeals Council seemingly reversed itself several months later, vacating the 2021 ALJ decision and echoing the reasoning and conclusions of the 2020 ALJ decision.

Although Hunter may have reason to feel disappointed, we cannot say that these events affect the jurisdictional issue. For starters, this is not a case where a claimant was adversely affected by reopening in "disregard [of] the regulations." *Passopulos*, 976 F.2d at 647. Any reopening that occurred here was in Hunter's favor. And neither the Appeals Council nor an ALJ ever found that Hunter met the ordinary conditions for reopening, as specified in

the regulations. *See id.* (describing the "aim" as "demand[ing] compliance with the . . . regulations on reopening"); 20 C.F.R. § 404.988 ("Conditions for reopening.").

More importantly, despite the misfires along the way, the agency's final decision on reopening, by the Appeals Council in June 2021, was a square and straightforward denial that reaffirmed the finality of the original 2012 ALJ decision. So while we "must look to what the ALJ[s] and the Appeals Council did" with respect to Hunter's request to reopen, *Cash*, 327 F.3d at 1257, ultimately nothing has changed about the agency's adjudication of Hunter's disability claim. Accordingly, the exception for *de facto* reopening does not apply.

Second, Hunter has not raised a colorable constitutional claim. Hunter asserts that she was denied due process during the original proceeding on her disability claim because of her counsel's alleged ineffectiveness and the agency's failure to compile her complete medical history for the relevant period.

But "[a] constitutional claim relating to the first [disability] application is insufficient to confer subject matter jurisdiction." *Cherry*, 760 F.2d at 1190 n.4. And Hunter does not identify any specific issue "concern[ing] the proceeding at which the decision not to reopen was made," which we would have jurisdiction to review. *Id.* Nor does Hunter present a colorable claim based on *Elchediak*, since she was represented by counsel during the administrative and district-court proceedings on her original application. *See Sherrod*, 74 F.3d at 246 (concluding a constitutional claim based on *Elchediak*

failed where the claimant was "assisted by legal counsel who understands the administrative process").

For these reasons, we must conclude that the federal courts lack jurisdiction under § 405(g) to review the Commissioner's denial of reopening in this case. We therefore vacate the district court's order dismissing Hunter's complaint with prejudice as barred by claim preclusion, and we remand with instructions to dismiss the case for lack of subject-matter jurisdiction.

**VACATED and REMANDED**, **with instructions.**