**Mary L. HOLLAND, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 84–8858.

United States Court of Appeals, Eleventh Circuit.

July 12, 1985.

Leslie Ruth Stallknecht, Macon, Ga., for plaintiff-appellant.

Frank L. Butler, III, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before RONEY and CLARK, Circuit Judges, and PITTMAN *, District Judge.

PER CURIAM:

The Secretary's decision to dismiss plaintiff's second application for Social Security disability benefits on administrative *res judicata* grounds is reviewable only if the plaintiff raises a colorable constitutional claim. Plaintiff asserts a due process violation because she had no counsel in her first claim and the administrative law judge failed to properly investigate her claim. The district court dismissed her claim on jurisdictional grounds because it found no colorable constitutional claim. Neither do we, and therefore we affirm.

Plaintiff originally applied for Social Security disability benefits on April 16, 1974. She claimed a disability dating from Janu-

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

ary 2, 1970, due to emphysema, heart trouble, hernia of the spine and stomach, epileptic seizures, collegan disease and rheumatoid arthritis. An administrative law judge (ALJ) found that plaintiff was not disabled. The Appeals Council refused to grant review. Plaintiff did not seek judicial review.

A second application for disability benefits was filed in November 1979, alleging substantially the same claim as in her earlier application. This time plaintiff was represented by counsel. The ALJ denied benefits on administrative *res judicata* grounds. Plaintiff sought review by the Appeals Council claiming she was deprived of due process on her first application and that this claim stated separate grounds for recovery. The Appeals Council denied review.

■ The Secretary's *res judicata* finding is reviewable only if plaintiff has raised a colorable constitutional claim. The Secretary is allowed to dismiss a second application for disability benefits if that application alleges the same facts and issues as made in the first application. 20 C.F.R. § 404.957(c)(1). If the Secretary finds *res judicata* applicable, that finding is generally unreviewable by the federal courts because it is not a "final decision of the Secretary made after a hearing" as required by the Social Security Act for federal jurisdiction. 42 U.S.C.A. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). Jurisdiction does exist, however, when a colorable constitutional claim is raised because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures." *Id.* at 109, 97 S.Ct. at 986.

Plaintiff attempts to assert a constitutional due process of law claim based on lack of counsel at her first administrative hearing combined with the ALJ's failure to develop a full and fair record. She claims that had she been represented by counsel at her first hearing in 1975, she could have proven that she was in fact disabled, that she received inadequate notice of her right to counsel, and that the district court should have required the Secretary to file a transcript, because a court cannot conduct a thorough review without an adequate record.

■ A claimant has no *constitutional* right to counsel at a disability benefits hearing. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. Unit B 1981). Thus the absence of counsel alone does not raise a constitutional claim. A claimant does, however, have a *statutory* right to have counsel represent her at the hearing if desired. 42 U.S.C.A. § 406; 20 C.F.R. § 404.1700 *et seq*. *See Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir.1982); *Cowart v. Schweiker*, 662 F.2d 731, 733 (11th Cir. 1981). The ALJ must develop a full and fair record and may not just rely on a pro se claimant in that regard. *Clark v. Schweiker*, 652 F.2d at 404. Plaintiff's primary argument is cumulative: the ALJ's failure to procure and consider numerous items of medical evidence combined with her lack of counsel has "manifestly prejudiced and specifically harmed her" in an unconstitutional manner.

A review of the record indicates that the ALJ provided plaintiff with due process at the first disability hearing. The ALJ provided for neurological and other medical examinations and considered those examination results as well as other medical records. Plaintiff, however, contends that the ALJ failed to examine "numerous evidentiary materials in existence at the time of her first application." She included those evidentiary materials in an unofficial "Appendix A." The Government objects to this material as being out of record, and thus not properly before this Court. We have examined plaintiff's Appendix A to determine whether it contained information the ALJ should have found at the first hearing and whether his failure to find and consider it deprived plaintiff of due process.

■ We note that much of the material in Appendix A was generated after the first hearing. The failure of the ALJ's investigation to produce the other material does not rise to the level of a constitutional violation. The ALJ had before him suffi-

cient evidence upon which to base his findings. It is not enough to say that had he seen more information his decision would have been different. It is probable that in all pro se cases, additional material could have been generated by counsel. But where the evidence before the ALJ was sufficient to lead to a determination, it is not a due process violation that his investigation failed to produce the additional information. *See Kelley v. Heckler,* 761 F.2d 1538, 1540 (11th Cir.1985).

Plaintiff's reliance on *Elchediak v. Heckler,* 750 F.2d 892 (11th Cir.1985), is misplaced. *Elchediak* held that a lack of counsel at a first disability application could create a constitutional claim sufficient to prevent administrative *res judicata* where the claimant suffers from a mental illness. 750 F.2d at 894. *See also Green v. Weinberger,* 500 F.2d 203, 205 (5th Cir.1974). Mental illness or even mental capacity is not at issue in the case at bar.

■ Although the right may be waived, the Secretary has an obligation to notify the claimant of her right to counsel. *Cowart,* 662 F.2d at 734; *Clark v. Harris,* 638 F.2d 1347, 1350 (5th Cir. Unit B 1981). Plaintiff appears to be correct in her assertion that the ALJ's notice was insufficient. *Cowart,* 662 F.2d at 734; *Clark v. Harris,* 638 F.2d at 1350; *Benson v. Schweiker,* 652 F.2d 406, 408 (5th Cir.1981). While the ALJ informed her of her right to counsel, nowhere did he specify, as required, that if she could not afford an attorney, a list of potential "free" counsel would be provided. Defendant concedes this point.

■ This error does not, however, provide plaintiff with a constitutional claim sufficient to defeat the application of *res judicata.* The ALJ's failure to adequately inform plaintiff of her statutory right is a statutory wrong. *Cowart, Clark v. Harris,* and *Benson* do not hold that the failure to give adequate notice rises to the level of a constitutional wrong. Those three cases did not involve an attempt to defeat the application of administrative *res judicata.* All three arose as timely appeals. The district courts thus had jurisdiction to consider all claims raised. The Social Security statutes provide no mechanism for reopening a claim based on inadequate notice, and inadequate notice in this context is not a due process violation. Plaintiff's case became final with the Secretary's *res judicata* finding.

The district court did not err in dismissing plaintiff's complaint without requesting a transcript. A district court must have a record before it "sufficient to determine the scope of the successive claims for *res judicata* purposes." *McGowen v. Harris,* 666 F.2d 60, 66 (4th Cir.1981). Yet if the "identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis." *Id.* There was sufficient record evidence here for the district court to determine that plaintiff's second claim concerned the same claims covering the same period of alleged disability.

The district court did not err in dismissing plaintiff's claim for lack of subject matter jurisdiction.

AFFIRMED.