Joann GRAHAM, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.

No. 85–8740
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 15, 1986.

**1114**

R. Jeremy Solomon, Tallahassee, Fla., for plaintiff-appellant.

Jack Hood, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant filed an application for disability insurance benefits and supplemental security income on July 28, 1981. This application was denied. On March 22, 1983, appellant filed a new application for these benefits, claiming she was disabled due to spastic paraparesis as of June 1, 1982. After a hearing in her second application, the administrative law judge ("ALJ") concluded appellant's disability did not meet or equal one of the Listed Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1985). The ALJ also found that appellant retained the residual functional capacity to perform light and sedentary work and thus was not disabled under the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (1985). Moreover, the ALJ found no basis for reopening or revising the Secretary's prior decision which had become res judicata as of May 14, 1982.

Thereafter, appellant exhausted her administrative remedies and commenced this action in district court for judicial review of the Secretary's decision. The district court found there was substantial evidence to support the Secretary's decision and granted summary judgment. On appeal, appellant argues that the Secretary's decision was not supported by substantial evidence and the Secretary improperly applied administrative res judicata.

### A. *Res Judicata*

Appellant challenges the ALJ's finding that the Secretary's prior decision was res judicata as of May 14, 1982. The district court did not address this claim. Appellant's argument appears to rely, in large part, on the mistaken belief that the ALJ found the Secretary's prior decision had barred consideration of appellant's second application. It is clear from the record that the ALJ applied administrative res judicata to bar only the claims arising on or before May 14, 1982 and that he considered her claim of disability as of June 1, 1982.

With respect to the ALJ's decision not to reopen or reconsider the prior decision, we are without jurisdiction to review that finding unless appellant presents a colorable constitutional claim. *See, e.g., Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985). Appellant has raised no colorable constitutional issues in support of her claim. Thus, this court's review is limited to a determination of whether appellant's claim was in fact reopened. *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir.1981). It does not appear that the Secretary reopened appellant's first application since it was not "'reconsidered on the merits to any extent ... at any administrative level.'" *Cherry v. Heckler*, 760 F.2d 1186, 1190 (11th Cir.1985) (quoting *McGowan*, 666 F.2d at 67). Because the prior decision was not reopened, and appellant does not assert a constitutional claim, this court does not have jurisdiction to review the Secretary's refusal to open the earlier application.

### B. *Substantial Evidence*

Appellant claims the Secretary's decision was not supported by substantial evidence because the ALJ incorrectly applied the listed impairments criteria in evaluating her impairment. She claims her diagnosed condition of spastic paraparesis meets or equals the requirements of 20

C.F.R. Part 404, Subpart P, Appendix 1 § 11.17A (1985). The listing in section 11.-17A includes degenerative neurological diseases not listed elsewhere with "[d]isorganization of motor function as described in 11.04B or 11.15B."

The ALJ first addressed appellant's claim under section 11.15B. Section 11.15B requires "[u]nsteady, broad-based or ataxic gait causing significant restriction of mobility substantiated by appropriate posterior column signs." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 11.15B (1985). The ALJ cursorily dismissed section 11.15B because appellant did not suffer from tabes dorsalis, the disease listed in section 11.15. Section 11.17A, however, clearly states that it encompasses diseases not listed elsewhere. It was error to require appellant to suffer from tabes dorsalis before evaluating her impairment under section 11.15B.

Next, the ALJ assessed appellant's impairment under section 11.04B. Section 11.04B requires "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C)." 20 C.F.R. Part 404, Subpart P, Appendix 1 § 11.04B (1985). Section 11.00C in turn provides that

[*Persistent disorganization of motor function* in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands and arms.] 20 C.F.R. Part 404, Subpart P, Appendix 1 § 11.00C (1985) (emphasis in original).

The ALJ, in evaluating appellant's condition under section 11.04B, concluded that: "Claimant's impairment does not severly [sic] interfere or severly [sic] limit or inca-pacitate her locomotion, or severely interfere with function of claimant's upper extremeties in respect to light or sedentary work effort. She retains her manual dexterity and eye to hand coordination." (Agency Tr. at 12).

We find the ALJ improperly evaluated appellant's condition under section 11.04B in two respects. First, the ALJ's requirement of a "severe" interference with locomotion disregards the plain language of section 11.04B. In addition, the ALJ improperly substituted his conclusion that appellant "appeared moderately handicapped in her gait" for the medical evidence presented. *Cf. Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir.1982) (improper for ALJ to make medical assessment of pain based on "sit and squirm" test); *Goodley v. Harris,* 608 F.2d 234, 236 n. 1 (5th Cir.1979) (may be reversible error for ALJ to substitute lay opinion regarding treatment for that of medical expert). We therefore reverse and remand this case to the district court with instructions to remand it to the Secretary to reevaluate appellant's impairment under section 11.17A consistent with this opinion.

REVERSED and REMANDED.