[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13873
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-02488-JDW-AEP


THOMAS WOLFF,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant,

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2015)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas Wolff appeals the dismissal of his complaint that challenged the decision of the Social Security Administration to disqualify him from serving as a non-attorney representative for claimants. The district court dismissed Wolff's complaint for lack of subject matter jurisdiction. We affirm.

The district court correctly dismissed Wolff's complaint. The Social Security Act limits judicial review to "final decision[s] of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g). Wolff does not challenge the determination that the disqualification of a person as a claimant's representative is not a final decision. *See* 20 C.F.R. § 404.903(g). The district court lacked subject matter jurisdiction to review the administrative action of the Commissioner.

Although the district court has jurisdiction to review a colorable claim about the denial of a constitutional right, the district court correctly determined that Wolff's claim that he had been denied due process by an administrative law judge was not colorable. Wolff was given notice of and an opportunity to respond to the charges against him. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks and citations omitted)). The administrative law judge accepted Wolff's corrected

2

answer to the administrative complaint, even though it was untimely. And Wolff testified at his disqualification hearing and questioned one witness. Wolff argues that he was denied the opportunity to call witnesses, but the administrative law judge had discretion to limit Wolff's presentation of evidence after he failed to respond timely to the amended complaint and failed to file a witness list in compliance with a pre-hearing order. *See* 20 C.F.R. § 404.1765(g)(2) ("If the representative did not file an answer to the charges, he or she has no right to present evidence at the hearing."); *id.* § 404.1765(g)(4) ("The hearing officer has the right to decide . . . the conduct of the hearing."). Wolff alleged that he was also denied due process by the Appeals Council, but he has abandoned that claim by failing to raise it in his initial brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Wolff argues that the district court impermissibly considered exhibits attached to the Commissioner's motion to dismiss, but we disagree. The district court could consider the exhibits because Wolff did not challenge their authenticity and they were central to his complaints about being denied due process during his administrative proceedings. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Wolff contends that the Commissioner should have filed the entire administrative record, but the district court had sufficient evidence to determine

that it lacked jurisdiction to entertain Wolff's complaint. *See Holland v. Heckler*, 764 F.2d 1560, 1563 (11th Cir. 1985).

We **AFFIRM** the dismissal of Wolff's complaint.