[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10493
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-01947-AKK

KIRT D. SOBER,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 17, 2020)

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Kirt Sober filed a claim for disability insurance benefits and supplemental security income, and when that claim was denied he requested an ALJ hearing. The ALJ reached the same result, finding that Sober was not disabled and denying his claim. And after new evidence did not convince the Appeals Council to grant review, Sober brought his case before the United States District Court for the Northern District of Alabama, which affirmed both the Appeals Council and the ALJ. We affirm the district court's judgment.

I.

Sober filed his initial claims for disability insurance benefits and supplemental security income in October of 2015. At the time, he alleged that he had not been able to work since June, and that his inability stemmed from "back issues," "knee surgery," "depression," and being bipolar. Both claims were denied for one reason—he was found to not be disabled.

Sober requested a hearing before an administrative law judge (ALJ). There he offered additional evidence, including treatment notes, function reports completed by Sober and his mother, and evaluations from doctors. Of particular note are two of these documents: June and July 2016 treatment notes from certified registered nurse practitioner Michael Murdock, and a September 2017 evaluation by Dr. David Wilson, a licensed psychologist. Dr. Wilson's evaluation indicated that Sober could not "maintain attention, concentration and/or pace for periods of at least two hours," "interact with supervisors," or "interact appropriately with co-workers," among other difficulties. Dr. Wilson also diagnosed Sober with borderline intellectual functioning, and found that he would fail to report to work

2

25 days in a 30-day period, and that he would be off-task 75% of the time in an eight hour day. But that evaluation is the only time Dr. Wilson examined Sober—the only time that is apparent from the record, at least.

All this evidence went before the ALJ. Sober could only be found to be disabled if (1) he had an "impairment[ ] that meets or equals one listed in" the appendix of the relevant subpart of the Code or (2) he was found to be unable to "make an adjustment to other work." 20 C.F.R. § 404.1520(a). The ALJ found that Sober did not qualify on either point. In so finding, he afforded "minimal weight to the opinions of Dr. Wilson, as they are inconsistent with the claimant's presentation in other treatment settings, therapy assessments, or Dr. Wilson's own observations." That meant that Dr. Wilson's evaluation played little if any role in the ALJ's determination that Sober's impairments were not eligible under the Act. It also meant that Dr. Wilson's evaluation played little role in the opinion of the vocational expert, who testified that an individual with Sober's profile could be a laundry worker, a cleaner, or a shipping or receiving weigher. Because the ALJ found that Sober did not have a qualifying impairment and could find other employment, he decided that Sober was not disabled.

Sober brought his case to the Appeals Council, asking for review of the ALJ's decision. To bolster his arguments, he provided additional evidence not considered by the ALJ—forms signed in January, March, and April 2018 by Nurse Murdock, as well as treatment records from March and May 2018. The Appeals Council denied his request for review. It also found that the additional evidence from January 2018 did "not show a reasonable probability that it would change the

outcome of the decision," and that all the other evidence did "not relate to the period at issue."

Following that decision, Sober filed a complaint in the United States District Court for the Northern District of Alabama. He raised three claims: (1) the ALJ did not give proper weight to Dr. Wilson's evaluation; (2) the Appeals Council failed to determine whether the evidence submitted on appeal was chronologically relevant; and (3) the denial of benefits was not based on substantial evidence.

The district court dismissed Sober's action, and affirmed the denial of disability insurance benefits and supplemental security income. First, it found that the ALJ did not err in giving Dr. Wilson's opinion minimal weight, because Dr. Wilson only had examined Sober once, his evaluation of Sober's ability to function conflicted with the rest of the medical record as well as Dr. Wilson's own observations, and his diagnosis of borderline intellectual functioning was unsupported by "objective clinical or diagnostic evidence." Second, the court found that the Appeals Council did not err in refusing to consider the additional pieces of evidence because they were chronologically irrelevant, were prepared by a nurse practitioner, or were otherwise correctly found to be immaterial. And finally, the court found that the denial of benefits was supported by substantial evidence, and that the fact that Dr. Wilson's opinion was properly given minimal weight justified its exclusion from the vocational expert's testimony.

Sober appeals the disposition of those three claims. After reviewing the record, we find that the denial of benefits is supported by substantial evidence, and

that the Appeals Council did not reversibly err when it refused to review the ALJ's decision.  We affirm the district court's decision.

## II.

We review the district court's judgment de novo.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "This Court may reverse the decision of the Secretary only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."  *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  "Substantial evidence as to the Secretary's factual findings is more than a scintilla, but less than a preponderance."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

## III.

## A.

The ALJ must "give the medical opinions of treating physicians substantial or considerable weight," unless good cause exists to disregard them.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal quotation marks omitted).  "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* (internal quotation marks omitted).  When disregarding a treating physician's opinion, the ALJ "must clearly articulate the reasons for doing so."  *Id.* (punctuation altered) (internal quotation marks omitted).  Sober argues

before us that the ALJ "failed to accord proper weight to Dr. Wilson's evaluation," and "substituted his own opinion for" Dr. Wilson's.

We are unconvinced, because Sober never engages with the facts of his case or the reasoning of either the ALJ or the district court in according Dr. Wilson's evaluation minimal weight. The ALJ gave Dr. Wilson's evaluation minimal weight because he found good cause to do so—he found Dr. Wilson's evaluation to be unsupported by rigorous evidence, and also contrary to both the rest of the medical record and Dr. Wilson's own observations. The district court found Dr. Wilson's evaluation to merit no weight because he had only examined Sober once—that is, Dr. Wilson was not a treating physician.

Sober fails to address any of these findings and holdings, and instead rests on long quotes from Dr. Wilson's and other's evaluations and the ALJ's decision, as well as various cases meant to show that the "ALJ cannot substitute his judgment for that of the medical and vocational experts." But quoting Dr. Wilson or the ALJ cannot, without more, show that the ALJ gave too little weight to Dr. Wilson's evaluation—neither the ALJ nor the district court ever disputed that Dr. Wilson said what he said. Sober highlights various other evaluations as having "supported" Dr. Wilson's evaluation, but they only support those parts of Dr. Wilson's evaluation that diagnosed Sober with depression or bipolarism—and the ALJ had already noted that the mental health treatment and medical records reflect a diagnosis of bipolar disorder and depressive disorder.

Moreover, Sober never disputes the district court's holding that, because Dr. Wilson was not a *treating* physician, his opinion was not entitled to the usual

weight in any event.  We have previously held in *Crawford v. Comm'r of Soc. Sec.* that a one-time examining psychologist's opinion "was not entitled to great weight."  363 F.3d 1155, 1160 (11th Cir. 2004).  Sober does not appear to dispute that the record shows Dr. Wilson to be a one-time examining psychologist.  We see no reason that the rule from *Crawford* should not apply here.

In any event, the only controlling cases Sober cites for his argument were explicitly based on the ALJ substituting his own observations in place of the medical opinion, or the ALJ disregarding the opinion of the *treating* physician.  In *Freeman v. Schweiker*, we reversed after finding that the "record indicates that the ALJ relied on the appearance of the claimant at the time of the hearing."  681 F.2d 727, 731 (11th Cir. 1982).  In *Graham v. Bowen*, we cited *Freeman* for that same conclusion.  786 F.2d 1113, 1115 (11th Cir. 1986).  And in *Hillsman v. Bowen*, we found that the ALJ "rejected the opinions of the treating physician not even on the basis of a differing opinion expressed by another doctor, but rather because [the] ALJ himself reached a different conclusion after viewing the medical records." 804 F.2d 1179, 1182 (11th Cir. 1986).  Dr. Wilson is not a *treating* physician or psychologist, and the ALJ based none of his findings on how Sober appeared at the hearing.  Sober simply gives us no reason to question the ALJ's decision to afford Dr. Wilson's evaluation little weight.

## B.

While the Appeals Council "has the discretion not to review the ALJ's denial of benefits," it "must consider new, material, and chronologically relevant evidence that the claimant submits."  *Washington v. Soc. Sec. Admin.*, 806 F.3d

1317, 1320 (11th Cir. 2015) (internal quotation marks omitted).  And when "the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."  *Id.* at 1321.  Here, the Appeals Council refused to consider the new evidence on two grounds:  For some of the evidence, it found that it was chronologically irrelevant; for the rest, it found that the evidence was immaterial, that is, it did "not show a reasonable probability that it would change the outcome of the decision" of the ALJ.  Sober argues on appeal that under *Washington*, some of the evidence was chronologically relevant and  should have been considered as material evidence.

In *Washington*, we noted that "medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant." 806 F.3d at 1322.  But we later cabined *Washington*'s holding to its facts, observing that the claimant there had described his symptoms "during the relevant period" to the evaluating psychologist, the psychologist "had reviewed the claimant's mental health treatment records from" the relevant period, and "there was no evidence of the claimant's mental decline since the ALJ's decision." *Hargress v. Soc. Sec. Admin.*, 883 F.3d 1302, 1309 (11th Cir. 2018).  In that vein, we declined to find post-hearing medical records relevant when they did not indicate that "the doctors considered [the claimant's] past medical records or that the information in them relate[d] to the period at issue."  *Id.* at 1309–10.  As an initial matter, then, the evidence from Marshall Medical Center-South is chronologically irrelevant, because it never appears to be anything other than a treatment record for March and May of 2018.

8

Yet at the end of the day, whether the Appeals Council correctly found or did not find a particular piece of evidence chronologically relevant does not matter, because none of the additional evidence Sober presented was material. In *Hargress*, we affirmed the ALJ's denial of benefits because, regardless of chronological relevance, we found that there was "no reasonable possibility that the new evidence would change the administrative result." *Id.* at 1310. We reached that conclusion when we found that the additional evidence was contradicted by the recording doctor's other records, as well as by the medical records already submitted to the ALJ. *Id.*

The same is true here. The additional evidence contains a checklist that suggests that Sober would be off-task for 30% of an eight hour day, suffers depression so as to have a "[m]arked restriction in ability to understand, remember, or apply information," cannot "sustain an ordinary routine without special supervision," cannot "adjust to routine and infrequent work changes," and would fail to report to work somewhere between three and ten days in a 30-day period. These pieces of information, if credited, would have been relevant to either the classification of Sober's impairments or the vocational expert's evaluation of Sober's employment options. Yet nothing in the additional evidence supports those statements by Nurse Murdock—describing Sober's limitations as "marked" or asserting that he will miss three or seven days of work in a 30-day period is, without more, conclusory.

But not only are those statements unsupported by the additional evidence, they are belied by it. The additional evidence from January 2018 says that Sober

"denies difficulty concentrating."  And from that same timeframe, when he was asked on a health questionnaire about the difficulty caused by various problems of "do[ing his] work, tak[ing] care of things at home or get[ting] along with other people," he answered with the option right next to "Not Difficult at All"—he chose "Somewhat Difficult."  And in both the January, March, and April 2018 additional evidence, Sober was described as being "[o]riented to time, place, person [and] situation," and as having "[a]ppropriate mood and affect," "[n]ormal insight," and "[n]ormal judgment."  Throughout, Sober was described as having a "[m]oderate activity level."  And against all this in the additional evidence itself is but a conclusory checklist and two brief statements: (1) a mention in the January 2018 report that Sober has "[d]ifficulty concentrating," and (2) a mention in the April 2018 report that Sober has "[i]mpaired judgement."

And as the ALJ found in the initial decision, the rest of the record offers Sober's additional evidence no support.  Dr. Iyer, M.D., had already considered Sober's physical and psychiatric condition, but commented that he "does not have significant limitation of functions involving[] reaching overhead, handling, hearing, and speaking," and that he "may have some impairment of functions involving[] sitting, standing, walking, climbing steps, bending, lifting, twisting, and carrying."  Dr. Iyer further noted that Sober's "underlying depression may limit some functional ability."  In addition, the ALJ was already presented with the June and July 2016 reports from Nurse Murdock, which contained many of the same observations as those in the additional evidence presented to the Appeals Council.

10

In short, Sober has given us no reason to think that, had the ALJ been presented with the additional evidence, there was a reasonable possibility that the administrative result would have changed.  As in *Hargress*, we decline to find reversible error in upholding the Appeals Council's finding that the additional evidence did not require a rehearing.

C.

Finally, Sober argues that substantial evidence did not support the denial of his claims for benefits.  As mentioned before, the "substantial evidence" standard means that, even if there is a preponderance of evidence going against the ALJ's finding of fact, that finding will be affirmed if supported by more than a "scintilla" of evidence.  *Martin*, 894 F.2d at 1529.  Further, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

This is a very deferential standard of review, and the only specific evidence Sober uses to contest the ALJ's determination in his initial brief is Dr. Wilson's testimony, in support of his argument that the vocational expert's hypothetical should have included that the hypothetical person "will be off task 20 percent or more of an eight-hour workday" or "is unable to interact with either supervisors or coworkers."  But when testimony is given little weight, it is not error for the ALJ

to not include it in the vocational expert's hypothetical.[1]  *See Crawford*, 363 F.3d at 1161.

What is more, Sober does nothing to dispute the evidence that *does* support the ALJ's finding.  The ALJ considered a report cosigned by Dr. Kelley in November 2016 that Sober had no "motor deficit" or "sensory deficit."  Also taken into account was that the report indicated that Sober's extremities exhibited a normal range of motion.  The ALJ also considered Dr. Williams's opinion that Sober's ability to understand, remember, and carry out "very short and simple instructions" was "[n]ot significantly limited."  And the ALJ also noted that Dr. Williams thought that Sober could "attend and concentrate for 2 hour periods on simple tasks with customary breaks and rest during the regular workday," and "may miss 1–2 days a month of work due to psychiatric signs and symptoms."  That easily clears the "more than a scintilla" standard.

IV.

Because the ALJ's decision was properly supported by substantial evidence, it did not err in denying Sober's claim.  Because the additional evidence brought before the Appeals Council was chronologically irrelevant or immaterial, it did not err in denying review of the ALJ's decision.  The district court found no reversible error in those determinations.  Neither do we.  **AFFIRMED**.

---

[1] Sober's initial brief can also be read to present the additional evidence before the Appeals Council as proof that the vocational expert's hypothetical was inadequate.  But since we have found that the additional evidence was either chronologically irrelevant or just not material, it cannot be used to show that the vocational expert's hypothetical—upon which the ALJ relied to find that Sober could find employment—was erroneous.

12