[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11020

Non-Argument Calendar

_____

JOEANNE M. THOMAS-JOSEPH,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cv-00681-MRM

_____

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

JoeAnne Thomas-Joseph appeals the district court's order affirming the Commissioner of Social Security's denial of her application for a period of disability and disability insurance benefits ("DIB"). She argues that substantial evidence does not support the disability onset date the Administrative Law Judge ("ALJ") chose and that she did not knowingly and intelligently waive her right to counsel.

## I.

We review the Commissioner's conclusions of law and the district court's judgment *de novo*. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). The Commissioner's factual findings are conclusive if they are supported by substantial evidence. *See id.* Substantial evidence is relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support the agency's conclusion. *See id.* Even where the evidence preponderates against the Commissioner's factual findings, we must affirm if the decision is supported by substantial evidence. *See Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). Under this standard of review, we will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Arguments not raised before the administrative agency or the district court are forfeited and will not generally be considered on appeal. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). Forfeited issues will not be addressed absent extraordinary circumstances. *See United States v. Campbell*, 26 F.4th 860, 871-72 (11th Cir. 2022) (*en banc*).

## II.

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The mere diagnosis of a medical impairment is insufficient, as it does not reveal the extent to which the impairment limits the claimant's ability to work. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

In making a claim for disability benefits, a claimant bears the initial burden of establishing the existence of a disability, and, therefore, is responsible for producing evidence in support of her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant must have insured status based on employment earnings in order to qualify for disability and DIB. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant who becomes disabled after she loses insured status must be denied disability insurance benefits despite her disability. *See Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir.1979).

According to Social Security Administration regulations, when an ALJ evaluates claims of disability, there must be "objective medical evidence from an acceptable medical source" that shows that the applicant has a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a). "Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques." § 404.1529(c)(2). SSA Guidance documents clarify that the agency "will not find an individual disabled based on alleged symptoms alone." S*oc. Sec. Ruling, SSR 16-3p; Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Oct. 25, 2017).

To establish the disability onset date, an ALJ looks at the earliest date the individual would be eligible for benefits and evaluates whether the individual met the statutory definition of disability on that date. *See Soc. Sec. Ruling, SSR 18-01p; Titles II & XVI: Determining the Established Onset Date (EOD) in Disability Claims*, SSR 18-01P (S.S.A. Oct. 2, 2018). A disability must be supported by specific medical evidence, and "[t]he Act also precludes [the SSA] from finding that an individual is disabled unless he or she submits such evidence." *Id.*

Ms. Thomas-Joseph did not argue that substantial evidence did not support the ALJ's determination of her onset date before either the appeals council or the district court. She has therefore forfeited that claim. Even if Ms. Thomas-Joseph had not forfeited the claim, substantial evidence supports the ALJ's determination

that she was not disabled prior to December 31, 2009. Simply stated, there was no medical evidence that she suffered from diabetes, post-traumatic stress disorder, or schizophrenia prior to that date.

### III.

A Social Security claimant has a statutory right to be represented by counsel at a hearing before an ALJ, but that right may be waived. *See Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). The deprivation of the right to counsel at a Social Security hearing is a statutory wrong, not a constitutional wrong. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). To demonstrate reversible error, the claimant must show that she was prejudiced by the lack of counsel. *See id.* at 1423.

The Commissioner has an obligation to notify the claimant of her right to counsel. *See Holland v. Heckler*, 764 F.2d 1560, 1563 (11th Cir. 1985). A claimant may waive her right to counsel provided the waiver is made knowingly and intelligently. *See Brown*, 44 F.3d at 935. In order for a waiver to be effective, the claimant must be properly apprised of her options concerning representation. *See id.* The notice must inform the claimant of both the possibility of free counsel and the limitation on the recovery of attorney's fees. *See Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982).

Because a hearing before an ALJ in a Social Security matter is not an adversary proceeding, the ALJ has a basic obligation to

develop a full and fair record. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This requires that the ALJ develop the claimant's medical history for at least the 12 months preceding the application unless there is a reason to believe that development of an earlier period is necessary or unless the claimant says that the disability began less than 12 months before the claimant filed the application. *See* 20 C.F.R. § 416.912(b)(1). This duty applies regardless of whether the claimant is represented. *See Brown*, 44 F.3d at 934-35. When representation has not been waived but the claimant represents herself *pro se*, the ALJ's basic obligation rises to a special duty to "scrupulously and conscientiously probe into . . . the relevant facts." *Id.* (quotation marks omitted).

Should the ALJ fail to meet its duty to develop the record, remand is only necessary if the record reveals evidentiary gaps which result in unfairness or clear prejudice. *See Id.* at 935. Prejudice requires a showing that the ALJ did not have all of the relevant evidence before it in the record or that the ALJ did not consider all of the evidence in the record in reaching its decision. *See Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir.1985).

Ms. Thomas-Joseph did not raise her right-to-counsel argument before the appeals council or the district court. She thus has forfeited it.

Even if Ms. Thomas-Joseph had not forfeited the argument, there is no reversible error. The ALJ advised her about the right to counsel and she signed a waiver of that right. The ALJ also offered

to delay the hearing if she wished to have counsel.  Moreover, there is no showing of prejudice.  Ms. Thomas-Joseph has not shown that there was any evidence that counsel would have obtained and presented on her behalf to establish an onset date prior to December 31, 2009, or that the ALJ should have obtained under his special duty to develop the record if her waiver of her right to representation was proper.

## IV.

We affirm the district court's judgment.

**AFFIRMED.**