[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11852

Non-Argument Calendar

_____

BRENDA TACKETT,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00016-JLB-NPM

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brenda Tackett appeals the district court's order affirming the Commissioner of the Social Security Administration's ("SSA") denial of a period of disability and disability insurance benefits ("DIB"), 42 U.S.C. § 405(g), and supplemental security income ("SSI"), 42 U.S.C. § 1383(c)(3). First, she argues that the administrative law judge ("ALJ") erred by failing to consider a licensed social worker's medical opinion, failing to articulate the weight given to this opinion, and failing to consider the medical evidence associated with this opinion. Second, she argues that the ALJ erred in relying on a residual functional capacity ("RFC") determination and vocational expert ("VE") testimony that did not fully account for her mental limitations. Third, she argues that the ALJ erred in determining that she could perform light work and in failing to include a sit/stand option in the RFC assessment and in the hypothetical questions to the VE. Fourth, she argues that she did not knowingly and voluntarily waive her right to representation and that the ALJ plainly erred in failing to ensure that she had an opportunity to review the record before her hearing and in failing to refer her to a neurologist for a consultative examination.

## I.

We review the ALJ's decision for substantial evidence, and its application of legal principles *de novo*. *Moore v. Barnhart*, 405

F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is more than a scintilla, *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998), but "less than a preponderance," *Moore*, 405 F.3d at 1211. It is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* This limited review does not permit us to decide the facts anew, make credibility determinations, or re-weigh the evidence. *Id.*

Even if an ALJ commits an error, the error is harmless if it did not affect the ALJ's ultimate determination. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). Moreover, we do not consider on appeal an argument that a social security claimant did not raise before the administrative agency or the district court. *Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999).

Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, what the claimant can still do despite impairments, and the claimant's physical or mental restrictions. 20 C.F.R. § 416.927(a)(1). "[T]he ALJ must state with particularity the weight given to different medical opinions and reasons therefor." *Id.*; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). For applications filed prior to March 27, 2017, as is the case here, the ALJ is required to evaluate every medical opinion received. *See* 20 C.F.R. § 404.1527(c). An ALJ may discount a physician's opinion when the opinion is conclusory, the physician fails

to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *Id.*; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159–60 (11th Cir. 2004).

Licensed clinical social workers are not "acceptable medical sources" under the regulations. *See* 20 C.F.R. § 404.1502(a). As "other sources," they cannot establish the existence of a medically determinable impairment, produce medical opinions, or be considered treating sources. SSR 06-03p, 71 Fed. Reg. 45,593-03 (Aug 9, 2006).[1] The ALJ "may" consider evidence from other sources to show the severity of an individual's impairments and how those impairments affect the individual's ability to function. *Id.* However, the ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow the ALJ's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 06-03p. Moreover, the ALJ is not required to discuss every piece of evidence, so long as the ALJ's decision is not a broad rejection and there is enough for us to conclude that the ALJ considered the medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

---

[1] SSR 06-03p was rescinded by 82 Fed. Reg. 15,263 (May 27, 2017) for claims filed on or after March 27, 2017. However, because Tackett's claim was filed on April 20, 2016, this regulation is relevant to her appeal.

As an initial matter, we need not consider Tackett's argument that the ALJ failed to consider the medical evidence associated with Dr. Janice Hughes's report because she failed to raise this argument in the district court. *See Kelley*, 185 F.3d at 1215. But even if Tackett had properly raised this argument, the ALJ did not err in failing to consider this medical evidence because the ALJ's decision considered Tackett's medical condition as a whole and did not broadly reject her claim. *See Dyer*, 395 F.3d at 1211. Consistent with Dr. Hughes psychological testing, the ALJ concluded that Tackett suffered from ADHD and PTSD. And the ALJ found that Tackett had mild limitations, but that her mental conditions did not cause more than minimal limitations in her ability to perform basic mental work activities.

Further, the ALJ did not have an obligation to state with particularity the weight given to Dr. Hughes's opinion because Dr. Hughes, a licensed social worker with a doctorate in education, was not an "acceptable medical source[]" and, thus, could not produce medical opinions. *See* 20 C.F.R. § 404.1502(a); SSR 06-03p. Additionally, the ALJ properly considered Dr. Hughes's report because the ALJ expressly stated that he had considered the opinion evidence in the record, and he cited Dr. Hughes's report in his decision. Moreover, even if the ALJ failed to adequately consider Dr. Hughes's opinions, any error was harmless because this opinion did not support the imposition of additional limitations that were not present in the ALJ's RFC finding. *See Diorio*, 721 F.2d at 728.

Thus, the ALJ did not err in failing to consider Dr. Hughes's opinion, failing to articulate the weight given to this opinion, or failing to consider the medical evidence associated with this opinion.

## II.

Social Security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). The ALJ must evaluate: (1) whether the claimant engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments; (4) if not, whether the claimant has the RFC to perform past relevant work; and (5) if not, whether in light of the claimant's RFC, age, education, and work experience, there are other jobs the claimant can perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step four of the sequential analysis, the ALJ must assess and determine a claimant's RFC by considering all relevant medical and other evidence. 20 C.F.R. § 404.1520(e); *see also Phillips*, 357 F.3d at 1238. The RFC is defined as that work "which an individual is still able to do despite the limitations caused by his or her impairments." *Phillips*, 357 F.3d at 1238.

At step four, an ALJ is not required to elicit the testimony of a VE to prove that the claimant can perform past work, because

the burden rests on the claimant to show that he is incapable of performing past work. *Lamb v. Bowen*, 847 F.2d 698, 704 (11th Cir. 1988). However, at step five, the Commissioner may determine that a claimant has the ability to perform other work in the national economy through the testimony of a VE. *Phillips*, 357 F.3d at 1240. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* at 1240, n.7 (quotation marks and alterations omitted). However, an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, substantial evidence supports the ALJ's formulation of Tackett's RFC. In formulating Tackett's RFC, the ALJ determined that Tackett had mild limitations in understanding, remembering, or applying information and in concentrating, persisting, or maintaining pace based on Tackett's own statements and limitations to her memory, attention, and concentration that were identified by the Commissioner's medical experts. Moreover, the ALJ's hypothetical question included all of the limitations supported by the record, and the ALJ was not required to include findings in the hypothetical question that the ALJ had found to be unsupported by the record. *See Crawford*, 363 F.3d at 1161. Accordingly, the ALJ did not err in determining Tackett's RFC and adequately accounted for Tackett's mental limitations in the hypothetical questions.

### III.

Substantial evidence supports the ALJ's determination that Tackett could perform light work and the ALJ's decision not to include a sit/stand option in the RFC or in the hypothetical questions to the VE. Although Dr. Owen opined that Tackett was limited in her ability to sit and stand, the ALJ gave partial weight to this opinion because the ALJ determined that his opinion was inconsistent with his examination of Tackett. Thus, the ALJ was not required to incorporate it into the RFC finding. Additionally, the evidence from the Commissioner's consultative examiners showed that Tackett's pain was intermittent and was not affected by walking or sitting. Dr. Owen also found that Tackett was able to walk and travel without assistance, and that she was able to take care of herself. Therefore, substantial evidence supports the ALJ's decision not to include a sit/stand option in the RFC and that Tackett could perform light work. Moreover, the ALJ was not required to include findings in the hypothetical questions posed to the VE that the ALJ found unsupported by the record. *See Crawford*, 363 F.3d at 1161. Therefore, the ALJ did not err in failing to include a sit/stand option in the RFC determination or the hypothetical questions to the VE or in finding that Tackett could perform light work.

### IV.

Our rules state that the failure to object to a magistrate judge's report and recommendation ("R&R") forfeits the right to challenge on appeal the district court's order based on unobjected-

to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1. In the absence of a proper objection, however, we may review on appeal for plain error if necessary in the interests of justice. *Id.* To establish plain error, a party must show: (1) a plain error; (2) that affected his substantial rights; and (3) that "would seriously affect the fairness of the judicial proceeding." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

"A Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). Although the right may be waived, the Commissioner "has an obligation to notify the claimant of her right to counsel." *Holland v. Heckler*, 764 F.2d 1560, 1563 (11th Cir. 1985); *see also* 42 U.S.C. § 406(c).

A claimant may waive her right to counsel provided the waiver is made knowingly and intelligently. *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982). In order for a waiver to be effective, the claimant must be properly apprised of her options concerning representation, "either in a prehearing notice or at [her] hearing." *Id.*; *see also Brown*, 44 F.3d at 935 (concluding that a claimant had not validly waived her right to representation when the hearing transcript showed that she was confused by the ALJ's questions concerning representation and nothing in her testimony evinced an understanding that she had other options besides proceeding *pro se*).

The deprivation of the statutory right to counsel at a Social Security hearing is "a statutory wrong, not a constitutional wrong." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). The claimant must show that she was prejudiced by lack of counsel before it is determined that the claimant's right to due process has been violated to such a degree that the case must be remanded. *Id.* at 1423. Prejudice may exist where "the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Id.* (quoting *Brown*, 44 F.3d at 934–35).

Since a hearing before an ALJ in a social security matter is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Under SSA regulations, this requires that the ALJ:

> develop [claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant files her] application unless there is a reason to believe that development of an earlier period is necessary or unless [the claimant says her] disability began less than 12 months before [the claimant] filed [her] application.

20 C.F.R. § 416.912(b)(1). This duty applies regardless of whether the claimant is represented. *Brown*, 44 F.3d at 934–35. However, the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram*, 496 F.3d at 1269.

The "essential requirements of due process" are notice and an opportunity to respond. *Laskar v. Peterson*, 771 F.3d 1291, 1297 (11th Cir. 2014). However, "there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Brown*, 44 F.3d at 935 (quotation marks omitted).

As an initial matter, Tackett forfeited her due process arguments because she failed to object to the relevant findings in the R&R, despite the magistrate judge's warning that the failure to file timely objections would forfeit these objections for appeal. Therefore, Tackett's arguments are reviewable for plain error.

Here, Tackett knowingly and voluntarily waived her statutory right to representation. The Commissioner informed her numerous times of her right to representation in writing, and Tackett sent a letter to Commissioner which indicated that she wished to represent herself before the ALJ. Additionally, the ALJ informed Tackett of her right to representation at her administrative hearing, and Tackett indicated that she understood this right and wished to proceed without representation. Moreover, although Tackett claims that her cognitive deficiencies rendered her waiver of representation ineffective, there is no indication in the record that she lacked the mental capacity to understand the significance of the waiver.

But even if Tackett did not validly waive her right to representation, she has not established that she was prejudiced by her

lack of representation. She did not offer any explanation for how her lack of awareness of the medical evidence on which the ALJ's decision was based prejudiced her at her hearing, identify any questions counsel could have asked the VE, or specify how the failure to cross-examine the VE negatively impacted her case. Tackett also failed to show that she was prejudiced by her failure to review the medical evidence in the record prior to her hearing, as she did not offer any explanation for how her failure to review this evidence prejudiced her, nor did she allege that this evidence was incomplete or incorrect.

Finally, the ALJ did not err, plainly or otherwise, in failing to order a neurological evaluation because the record as a whole was sufficient for the ALJ to conclude that Tackett was not disabled. Specifically, the ALJ considered the opinions of two non-examining state agency consultants and an examining psychologist, all of whom addressed whether Tackett had an unspecified neurocognitive disorder. Therefore, the ALJ did not err in finding that Tackett knowingly and voluntarily waived her right to representation, in failing to ensure that she had an opportunity to review the record before her administrative hearing, or in failing to refer her to a neurologist for a consultative examination.

**AFFIRMED**